GOULD, Circuit Judge,
concurring in part and dissenting in part:
Because the majority applies the wrong standard of review and incorrectly interprets the meaning of § 2Dl.l(b)(12) of the United States Sentencing Guidelines, I respectfully dissent from that part of its disposition. I agree that the sentence imposed by the district court on counts three, five, and six was improper because it exceeded the statutory maximum, and I agree that the sentence on the remaining counts was affected by that error, and so I would also remand for re-sentencing on all *698 counts. I also agree that the district court did not violate Rule 32 in finding that Jones was a gang member, that the finding of gang membership by the district court was not clear error, and that the conditions of supervised release are neither procedurally erroneous nor substantively unreasonable. However, I would vacate Jones’ sentence on all counts for a second, independent reason. Under our precedent, section 2D l.l(b)(12)’s two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing illegal drugs is not properly invoked by the limited facts of Jones’ case.
On appeal, we review challenges to a district court’s interpretation of the Sentencing Guidelines de novo. United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir.2005). Because Congress explicitly based this sentencing enhancement on the parallel language of 21 U.S.C. § 856, I would hold that our precedent interpreting that statute is persuasive on the inquiry we face here. Fair Sentencing Act Of 2010, PL 111-220, 124 Stat 2372 (“the United States Sentencing Commission shall review and amend the Federal sentencing guidelines to ensure an additional increase of at least 2 offense levels if ... the defendant maintained an establishment for the manufacture or distribution of a controlled substance, as generally described in section 416 of the Controlled Substances Act (21 U.S.C. 856).”). Three drug sales by Jones over six months involving small amounts of drugs, a few thousands dollars in cash, and evidence of small-scale drug manufacturing do not constitute the kind of “primary or principal uses” with which the statute and the enhancement are concerned. United States v. Shetler, 665 F.3d 1150, 1162 (9th Cir.2011) (imposing a high bar for application of the criminal statute because it “better comports with the statutory language” and “ensures that the statute is not unconstitutionally vague.”); see also United States v. Mancuso, 718 F.3d 780, 795-96 (9th Cir.2013) (holding that although there was proof of distribution of 276 grams of cocaine over dozens of incidents “[i]t is not at all clear that the evidence of these instances of distribution would be sufficient to pass the “principal use” formulation” when considered alongside the concurrent legal use of the property). Moreover, that these few sales were made at Jones’ home would not appear to suggest that the home was held out as a place at which to buy drugs, but rather may be a normal consequence of the fact that the confidential informant, who set Jones up for illegal drug sales, was Jones’ friend who might have been expected to call on Jones at his home.
I respectfully dissent in part.